# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Geraldine Ann Westlund,                                  Chapter 7
                                                         BK 15-50046

            Debtor.

---

Erik A. Ahlgren, Trustee,

            Plaintiff,                                   Adv. No. _____

vs.

Robert Oscar Westlund,

            Defendant.

## COMPLAINT TO RECOVER FRAUDULENT CONVEYANCES

Erik A. Ahlgren brings this complaint to recover a pattern of fraudulent conveyance made to Robert Oscar Westlund and states as follows:

**PARTIES**

1. On January 28, 2015, Geraldine Ann Westlund (the "Debtor") filed a petition under chapter 7 of the Bankruptcy Code and was granted an order for relief.

2. Plaintiff, Erik A. Ahlgren (hereinafter "Plaintiff") is the duly appointed and acting trustee in the Debtor's bankruptcy case.

3. Defendant, Robert Oscar Westlund (hereinafter "Defendant"), is the Debtor's husband. Both the Debtor and Defendant reside at 12477 Northgate Lane, Crosslake, MN 56422.

## JURISDICTION AND VENUE

4. This adversary proceeding is brought pursuant to 11 U.S.C. §§544(b), 548 and 550 and Federal Rules of Bankruptcy Procedure 7000(1) to avoid certain pre-petition transfers from the Debtor to Defendant as fraudulent transfers and to recover from Defendant the value of said transfers.

5. Jurisdiction over this adversary proceeding is based on 28 U.S.C. §§1334(b) and 157(b)(2)(F). This is a core proceeding under 28 U.S.C. §157(b)(2)(F).

6. This district is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409(a).

## BACKGROUND FACTS

7. Prior to filing bankruptcy, on May 1, 2014, the Debtor sold a house located at 2452 Churchill Street, Roseville, MN 55113 (the "Roseville Property") for $160,000.00. The Debtor was the sole titled owner on the Roseville Property and, on information and belief, there was no mortgage or other liens on the Roseville Property at the time of the sale.

8. The proceeds from the sale of the Roseville Property were owned by the Debtor.

9. On May 2, 2014, $136,015.38 was deposited in Lakes State Bank Account #xxx110, an account held jointly in the name of the Debtor and her husband, Robert Westlund. On information and belief, the $136,015.38 was derived from the sale of the Roseville Property.

10. On May 6, 2014, $70,000.00 was transferred from Lakes State Bank Account #xxx110 into a newly created Lakes State Bank Account #xxx285, which was also jointly held in the name of the Debtor and her husband, Robert Westlund. On information and belief, the $70,000 was intended to, and did in fact, transfer funds from the sale of the Roseville Property into the new account.

11. Based on the Debtor's bankruptcy schedules, the Debtor holds no interest in the construction business operated by the Debtor's husband, but the proceeds from the sale of the Roseville Property were used not only for joint living expenses but also the separate business and personal expenses of the Debtor's husband.

12. On October 21, 2014, the Debtor was removed as an owner of Lakes State Bank Account No. #xxx285. At the time that the Debtor was removed as an owner, Lakes State Bank Account No. #xxx285 had $49,621.91 on deposit. On information and belief, virtually all of the $49,621.91 on deposit on the date of transfer was owned by the Debtor.

13. On January 21, 2015, $1,367 was transferred from Lakes State Bank Account No. #xxx110, which was jointly held by the Debtor and her husband, into Lakes State Bank Account No. #xxx036, which was held solely by her husband.

## COUNT I
### FRAUDULENT CONVEYANCE

14. The above reference paragraphs are incorporated herein.

15. The Debtor made the following transfers (the "Transfers") to the Defendant within one year of the bankruptcy filing date:

    a. the October 21, 2014 transfer of the Debtor's interest in Lakes State Bank Account #xxx285, consisting of $49,621.91 on the date of transfer,

    b. the January 21, 2015, $1,367 transferred from Lakes State Bank Account No. #xxx110, which was jointly held by the Debtor and Defendant into Lakes State Bank Account No. #xxx036, which was held solely by the Defendant, and

    c. the transfer of proceeds from the sale of the Roseville Property that were

used for the separate business and personal expenses of the Defendant.

16. The Transfers transferred an interest in property owned by the Debtor.

17. The Debtor received less than a reasonably equivalent value in exchange for the Transfers.

18. Debtor was either insolvent at the time of the Transfers or became insolvent as a result of the Transfers.

19. Plaintiff as trustee may avoid the Transfers pursuant to both 11 U.S.C. §548 and 11 U.S.C. §544(b), which incorporates by reference the Minnesota Fraudulent Transfer Act, Minn. Stat. §§513.41 to 513.51.

## COUNT II
## LIABILITY FOR DAMAGES

20. The foregoing paragraphs are incorporated herein.

21. The Defendant was either the transferee of the Transfers or the person for whose benefit the Transfers were made.

22. By reason of the foregoing and for the benefit of the bankruptcy estate, the Trustee may recover from Defendant the full value of the Transfers pursuant to Bankruptcy Code §550.

WHEREFORE, the Trustee seeks an order of the court granting judgment against the Defendant and in favor of the Trustee authorizing the Trustee to recover the value of the Transfers, together with the costs and disbursements of this action.

November 9, 2015

/e/  Erik A. Ahlgren
Erik A. Ahlgren #191814
Attorney for Trustee
220 W. Washington Ave. Ste 105
Fergus Falls, MN  56537
218-998-2775

<u>Verification</u>

I, Erik A. Ahlgren, the moving party named in the foregoing Complaint, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

November 9, 2015                                     Signed: <u>/e/ Erik A. Ahlgren</u>
                                                     Erik A. Ahlgren, Trustee
                                                     220 W. Washington Ave. Ste 105
                                                     Fergus Falls, MN  56537
                                                     218-998-2775